UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/26/2026

NOORA DHAFIR ALSARIAA,

                        Plaintiff,

            -against-

ASCEND CHARTER SCHOOLS and AMBER
CHARTER SCHOOL KINGSBRIDGE,

                        Defendants.

24 Civ. 7265 (AT)

**<u>ORDER</u>**

ANALISA TORRES, United States District Judge:

Plaintiff *pro se*, Noora Dhafir AlSariaa, an Iraqi and Arab substitute teacher, brings this action against Ascend Charter Schools ("Ascend") and Amber Charter School Kingsbridge ("Amber") (collectively, "Defendants") alleging that Defendants discriminated against her on the basis of her race and national origin in violation of:  (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, (2) 42 U.S.C. § 1981 ("Section 1981"), and (3) the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*.  Compl. at 2–4, ECF No. 1.  AlSariaa also alleges that Defendants retaliated against her in violation of Title VII of the Civil Rights Act of 1964 and Section 1981.  *Id.* at 5.  Defendants move, separately, to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *See* ECF Nos. 22, 27.

On October 9, 2025, pursuant to an amended order of reference, the Honorable Henry J. Ricardo issued a report and recommendation (the "R&R") recommending that Defendants' motions be granted and that Plaintiff's claims be dismissed without prejudice and with leave to file an amended complaint.  *See* R&R at 1, ECF No. 42; *see also* Am. Order Referring Case to Magistrate Judge, ECF No. 31; Objs., ECF No. 45; Ascend Resp.; ECF No. 46; Amber Resp., ECF No. 47.  For the reasons stated below, the Court OVERRULES AlSariaa's objections, ADOPTS the R&R in full, and GRANTS Defendants' motions to dismiss.

**DISCUSSION**

I.   <u>Legal Standard</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (quotation omitted)). However, the Court reviews strictly for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

A *pro se* party is "generally accorded leniency," and their objections are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate[ judge's] proposal." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023,

2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.      AlSariaa's Objections[1]

A.  Discrimination Claims

First, AlSariaa objects to Judge Ricardo's conclusion that she failed to plead sufficient facts to support an inference of discrimination under Title VII and the NYSHRL. *See* Objs. at 2. AlSariaa contends that Ascend "intentionally changed" her work schedule as a substitute teacher at the school, as an "excuse[]" to "remove[] [her] work opportunities" at Ascend and Amber. *See id.* She claims that when she overheard other teachers, including a fellow substitute teacher, in the breakroom at Ascend making disparaging remarks about the Arabic language and the City of Dubai, this evinced Ascend's discriminatory intent. *See* Compl. at 11–12; Objs. at 5. Construing AlSariaa's objection liberally, the Court views it as a specific objection to Judge Ricardo's recommendation and, therefore, reviews Judge Ricardo's conclusion *de novo*. Under Title VII, a

---

[1] The Court rejects AlSariaa's argument that Defendants' motions to dismiss should be converted into motions for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). *See* Objs. at 1. The Court may convert a motion to dismiss into a summary judgment motion where the moving party submits evidence outside of the pleadings, which neither Ascend nor Amber did here. *See Sango v. City of New York*, No. 24 Civ. 142, 2025 WL 2695413, at *2 (S.D.N.Y. Sep. 19, 2025). To the extent AlSariaa contends that such a conversion is merited because Judge Ricardo considered "matters outside the pleadings," Objs. at 1, the Court disagrees. Judge Ricardo considered the various materials annexed to the complaint, which the Court is permitted to do when analyzing a motion to dismiss. *See Peralta v. St. Lukes Roosevelt Hosp.*, No. 14 Civ. 2609, 2015 WL 3947641, at *1 n.1 (S.D.N.Y. June 26, 2015).

plaintiff must demonstrate that she can "sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation," and under the NYSHRL, a plaintiff must show that she was treated "less well" because of discriminatory intent. *Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 275 (S.D.N.Y. 2024) (citations omitted). In determining whether the teachers' remarks are probative of discriminatory intent, the Court considers four factors:

> (1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process).

*Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010). Reviewing *de novo* and taking AlSariaa's allegations as true, AlSariaa does not allege that the remarks were made by a decision-maker, which weighs against a finding of discriminatory intent. *See* Compl. at 11, 16 (identifying only one speaker, who she alleges was a fellow substitute teacher). AlSariaa also does not allege that these remarks were connected to Defendants' decisions regarding her substitute teacher schedule or future positions at either school. *See generally* Compl. She does not, therefore, satisfy her minimal burden of showing that the teachers' remarks made in the breakroom are probative of discriminatory intent.

Second, AlSariaa objects to Judge Ricardo's conclusion that she has not pleaded enough facts to support a reasonable inference of discriminatory intent as to Ascend regarding the alleged comparators mentioned in the complaint. *See* Objs. at 4 (arguing that the R&R "ignored the evidence[]"); *see also id.* at 3 ("[T]here were more than four substitute teachers working with me [o]n that day and I have [] contacted them [, and] no one received [a] changed schedule."). Construing the objection with leniency, it is a specific objection to a legal conclusion, and the Court, therefore, reviews Judge Ricardo's conclusion *de novo*. Comparators may be used to

4

show discriminatory intent when a plaintiff demonstrates that an employer treated her "less favorably than a similarly situated employee outside his protected group." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotation marks and citation omitted). Employees are similarly situated where they "were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493–94 (2d Cir. 2010) (internal quotation marks and citation omitted). Reviewing *de novo*, as for Ascend, AlSariaa has not demonstrated a minimal inference of discriminatory intent with respect to the alleged comparators. She self-identifies as a "white substitute teacher" and alleges that the other substitute teachers are "people of color" who should be treated as comparators because they did not have their schedules changed as she did. *See* Compl. at 11. But AlSariaa does not put forth other allegations to demonstrate why these teachers should be treated as comparators. For example, AlSariaa does not show that they were held to the same evaluation and performance standards as her and then treated more favorably. She does not, therefore, demonstrate a minimal inference of discriminatory intent from Ascend based on these teachers as alleged comparators.

Accordingly, the Court adopts Judge Ricardo's conclusion that AlSariaa has not alleged sufficient facts to support an inference of discrimination under Title VII and the NYSHRL.

### B. Retaliation Claims

AlSariaa objects to Judge Ricardo's conclusion that she did not make out valid retaliation claims under Title VII and Section 1981 because she did not engage in protected activity. *See* Objs. at 4–5. She claims that an email she sent to Ascend, in which she expressed her discontent with her schedule change, constituted protected activity, and Ascend retaliated against her when they stopped giving her work assignments. *See id.* at 4; Compl at 11. AlSariaa also argues that

the same applies to Amber because her email to Ascend should have put Amber on notice of potential discriminatory conduct.  *See* Objs. at 5–6.  The Court construes her objection liberally and finds that it is a specific objection to Judge Ricardo's conclusion and reviews that conclusion *de novo*.

Retaliation claims under Title VII and Section 1981 require the plaintiff to demonstrate a *prima facie* case by showing:  "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action."  *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005).  AlSariaa has not demonstrated that she engaged in a protected activity, which is an action that is "sufficiently specific . . . so that the employer is put on notice that the plaintiff believes [s]he . . . is being discriminated against."  *Jaeger v. N. Babylon Union Free Sch. Dist.*, 191 F. Supp. 3d 215, 232 (E.D.N.Y. 2016) (citations omitted).  Nothing in the email AlSariaa sent to Ascend would have plausibly put Ascend on notice that she believed she was being discriminated against because of her race or ethnicity.  *See* Compl. at 30.  There is also no factual basis, and no reason for the Court to infer that AlSariaa's email to Ascend also put Amber on notice.

To the extent that AlSariaa argues that submitting her Equal Employment Opportunity Commission Charge of Discrimination ("EEOC Charge") was protected activity, *see* Objs. at 3, that argument fails.  In the first instance, the Court need not consider the argument because it is a new argument that could have been raised before Judge Ricardo but was not.  *See Gladden*, 394 F. Supp. 3d at 480.  The argument also fails on the merits.  AlSariaa filed the EEOC Charge on July 22, 2024, approximately four months after she experienced the alleged retaliatory conduct in

March 2024, when she stopped receiving assignments for substitute teaching at Ascend and Amber.  *See* Compl. at 6.

The Court, therefore, adopts Judge Ricardo's conclusion that AlSariaa has failed to sufficiently plead a retaliation claim.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES AlSariaa's objections to the R&R and ADOPTS the R&R in full.  Defendants' motions to dismiss are GRANTED without prejudice. AlSariaa is GRANTED leave to amend her complaint to address the infirmities identified in this order.  Should she wish to file an amended complaint, she shall do so by **March 26, 2026**.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 22 and 27.

SO ORDERED.

Dated: February 26, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge