UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

NOORA D. ALSARIAA,                                         Case No.: 24-cv-07265(AT)

                    Plaintiffs,

-against-

ASCEND CHARTER SCHOOLS and
AMBER CHARTER SCHOOL KINGSBRIDGE

                    Defendants.

-----------------------------------------------------------------------X

## DEFENDANT ASCEND CHARTER SCHOOLS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE AMENDED COMPLAINT

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
*Attorneys for Defendant*
*ASCEND CHARTER SCHOOLS*

On the Brief:
Keith Gutstein, Esq.
Edward Grimmett, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..............................................................................................1

STATEMENT OF FACTS ................................................................................................2

ARGUMENT.....................................................................................................................6

STANDARD OF REVIEW ...............................................................................................6

POINT I .............................................................................................................................7

PLAINTIFF HAS FAILED TO STATE A DISCRIMINATION CLAIM AGAINST
DEFENDANT UNDER TITLE VII, SECTION 1981 AND THE NYSHRL ................................8

      A.  Plaintiff Has Not Plausibly Alleged Discrimination in Violation of Title VII, Section
          1981, or the NYSHR..................................................................................................9

           i.   Plaintiff Has Not Plausibly Alleged an Adverse Employment Action.........9
           ii.  Plaintiff Has Not Plausibly Alleged Any Adverse Action Motivated by a
               Discriminatory Reason...............................................................................11

POINT II .........................................................................................................................12

PLAINTIFF HAS FAILED TO STATE A HOSTILE WORK ENVIRONMENT CLAIM UNDER
TITLE VII, SECTION 1981, AND THE NYSHRL.................................................................13

      A.  Plaintiff Has Failed to Plausibly Allege a Hostile Work Environment Claim Under
          Title VII and Section 1981.....................................................................................13

      B.  Plaintiff  Has Failed to Plausibly Allege a Hostile Work Environment Claim Under
          the NYSHRL...........................................................................................................14

POINT III...........................................................................................................................15

PLAINTIFF FAILS TO STATE A RETALIATION CLAIM UNDER TITLE VII, SECTION
1981, AND THE NYSHRL ..............................................................................................15

POINT IV...........................................................................................................................16

IN THE EVENT PLANTIFF'S NYSHRL CLAIMS ARE NOT DISMISSED FOR THE
FAILURE TO STATE A CLAIM, THE COURT SHUOLD DECLINE TO EXCERSIZE
SUPPLEMENT JURISDICTION OVER PLAINTIFF'S NYSHRL CLAIM ..............................16

CONCLUSION.................................................................................................................17

## TABLE OF AUTHORITIES

*Alvarado v. Nordstrom, Inc.*,
685 F.App'x 4, 6-7 (2d Cir. 2017) ............................................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009),............................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 570 (2007 ..............................................................................................................6

*Belton v. Borg & Ide Imaging, Inc.*,
512 F.Supp.3d 433, 445 (W.D.N.Y. 2021) .............................................................................15

*Brown v. Nassau County*,
2011 WL 6754092, at *2 (E.D.N.Y. 2011)................................................................................9

*Cardwell v. Davis Polk & Wardwell LLP*,
2020 WL 6274826, at * 16 (S.D.N.Y. 2020)............................................................................8

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343, 350 n.7 (1988)...............................................................................................16, 17

*Cave v. E. Meadow Union Free School District*,
514 F.3d 240, 250 (2d Cir. 2008). ...........................................................................................17

*Curtis & Associates, P.C. v. Law Offices of David M. Bushman, Esq.*,
758 F. Supp. 2d 153, 166 (E.D.N.Y. 2010) .............................................................................7

*Dorman v. Webster Cent. Sch. Dist.*,
576 F.Supp.2d 436, 428 (W.D.N.Y. 2008) ..............................................................................9

*Felder v. United States Tennis Association*,
27 F.4th 834, 845 (2d Cir. 2022) ...............................................................................................7

*Galabya v. New York City Bd. of Educ.*,
202 F.3d 636, 640 (2d Cir. 2000). .............................................................................................8

*Gonzalez v. Micelli Chocolate Mold Co.*,
514 F. Appx 11, 12 (2d Cir. 2013)............................................................................................17

*Henry v. Wyeth Pharms., Inc.*,
616 F.3d 134, 149-50 (2d Cir. 2010)........................................................................................11

*Hoag v. Fallsburg Cent. Sch. Dist.*,
279 F.Supp.3d 465, 477-478 (S.D.N.Y. 2017) ........................................................................9

*Hollington v. CDM Fed. Programs Corp.*,
 2023 WL 2457057, at \*8 (S.D.N.Y. 2023)....................................................................15

*Jeanty v. Precision Pipeline Solutions, LLC*,
2019 WL 3532157, at \*4-5 (S.D.N.Y. 2019) .................................................................13

*Jetter v. Knothe Corp.*,
324 F.3d 73, 78 (2d Cir. 2003) ......................................................................................17

*Lizardo v. Denny's, Inc.*,
270 F.3d 94 (2d Cir. 2001 ..............................................................................................10

*Littlejohn v. City of New York*,
795 F.3d 297, 312 (2d Cir. 2015). ..................................................................................12

*Mandell v. County of Suffolk*,
316 F.3d 368, 379 (2d Cir. 2003) ...................................................................................12

*Mathirampuzha v. Potter*,
548 F.3d 70, 78 (2d Cir. 2008) .........................................................................................9

*Makhsudova v. City of New York*,
2022 WL 1571152, at \*7 (S.D.N.Y. 2022)......................................................................12

*Marcus v. AT&T Corp.*,
138 F.3d 46, 57 (2d Cir. 1998) .......................................................................................18

*United Mine Workers of Am. V. Gibbs*,
383 U.S. 715, 726 (1966);...............................................................................................17

*Ndongo v. Bank of China Limited*,
2023 WL 2215261, at \*8 (S.D.N.Y. 2023).....................................................................14

*O'Hara v. Bd. of Coop. Educ. Servs., S. Westchester*,
2020 WL 1244474, at \*13 (S.D.N.Y. 2020)...................................................................10

*Paupaw-Myrie v. Mount Vernon City Sch. Dist.*,
2023 WL 1109702, at \*12 (S.D.N.Y. 2023)...................................................................16.

*Patane v. Clark*,
508 F.3d 106, 113-14 (2d Cir. 2007)..............................................................................13

*Penberg v. HealthBridge Management*,
823 F.Supp.2d 166, 191 (E.D.N.Y. 2011) ......................................................................15

iv

*Renondeau v. Wildlife Conservation Society*,
2024 WL 1156643, at *9 (S.D.N.Y. 2024)....................................................................10

*Russo v. New York Presbyterian Hosp.*,
972 F. Supp.2d 429, 450 (E.D.N.Y. 2013) ................................................................5,14

*Tepperwien v. Entergy Nuclear Operations, Inc.*,
663 F.3d 556, 568 (2d Cir. 2011) ................................................................................9

*Thomas v. Amazon.com Services LLC*,
2025 WL 253276, at *10 (E.D.N.Y. 2025) ................................................................14

*Vega v. Hempstead Union Free School Dist.*,
 801 F.3d 72, 87 (2d Cir. 2015) ................................................................................10

*Walker v. Time Life Films, Inc.*,
784 F.2d 44, 53 (2d Cir. 1986) ................................................................................17

*Ward v. Cohen Media Publications LLC*,
2023 WL 5353342, at *14 (S.D.N.Y. 2023)..............................................................15

## Statutes

42 U.S.C. § 1981.............................................................1,2,5,7,8,12,13,14,15,16,17

Fed. R. Civ. P. 12(b)(6) ................................................................................2,7

Title VII of the Civil Rights Act ...................................................1,2,7,12,13,15,16,17

New York State Human Rights Law ("NYSHRL").............................................2,14,15

v

**PRELIMINARY STATEMENT**

Defendant, Ascend Charter Schools ("Ascend" or "Defendant"), hereby respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint filed by Plaintiff, Noora D. AlSariaa ("Plaintiff"), in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). For the reasons stated below, and in the accompanying Attorney Affirmation of Edward Grimmett, Esq. ("Grimmett Affm."), the Amended Complaint must be dismissed in its entirety.

The Amended Complaint contains the same fatal deficiencies as the original Complaint (which was dismissed by the Court, albeit without prejudice). Plaintiff has failed to plead a *prima facie* case of national origin/race discrimination, harassment, and retaliation under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the New York State Human Rights Law ("NYSHRL"), as she relies solely on conclusory assertions that do not support a claim. Specifically, Plaintiff largely relies on isolated remarks that were allegedly made by other substitute teachers in a break room.

As the Court agreed when it dismissed the Original Complaint, these alleged comments do not support a claim. Plaintiff merely alleges that substitute teachers referred to Arab countries/cities and the Arab language as "bad." These isolated comments are insufficient to support a harassment claim because they do not rise above "petty slights or trivial inconveniences." The legal insufficiency of these alleged comments are even more apparent when you consider the fact that they were allegedly made by Plaintiff's peers. This claim must be dismissed because Plaintiff does **not** allege that anyone with decision-making authority witnessed same. Plaintiff also fails to provide any context that could potentially draw a connection between these alleged comments and Plaintiff's membership in a protected class.

1

Plaintiff also fails to allege a discrimination claim.  As mentioned, the Amended Complaint fails to allege any facts that would suggest that Defendant's action were motivated by discriminatory animus. Furthermore, Plaintiff cannot demonstrate she suffered an adverse employment action due to the temporary nature of her work assignment.

The Amended Complaint also falls woefully short of the standard to plead a retaliation claim.  Along with failing to allege an adverse employment action, Plaintiff does not allege that she engaged in protected activity. Instead, Plaintiff conclusively refers to an email she to sent to Defendant's Principal and her agency (not Defendant) *after* her schedule was changed.  Plaintiff's subjective belief that her alleged schedule change was discriminatory cannot plausibly constitute protected activity under the law.

Lastly, in the event that Plaintiff's NYSHRL claims are not dismissed on substantive grounds, the Court should decline to exercise supplemental jurisdiction over such claims because Plaintiff's federal claims under Title VII and Section 1981 fail as a matter of law.

Based on the foregoing, Plaintiff's Amended Complaint and all causes of action asserted therein against Defendant must be dismissed with prejudice as a matter of law.

### STATEMENT OF FACTS[1]

According to the Amended Complaint, Plaintiff was employed by the staffing agency, Swing Education ("Swing"). *See* Amended Complaint, Extension of Amended Complaint Form – Pages 13.  On March 19, 2024, Plaintiff was assigned to work at Defendant's Rockaway/Brooklyn location (the "School") through Swing. *Id.* at pp 11-13.  According to Plaintiff, she was scheduled to work from 7:45 a.m. to 3:30 p.m. for this assignment. *Id.* at 11.  Plaintiff was not the only

---

[1]     Defendant accepts the facts summarized herein as true for the purposes of this Motion. *See Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 154 (2d Cir. 2006).  As this is a Motion to Dismiss, the recitation of the allegations in the Original Complaint and/or Amended Complaint should not be construed to be an admission by Defendant of the truth of same.

substitute teacher working at the School on that day, as she noticed that there were five other substitute teachers in the break room. *Id.*

Around 11:40 a.m., the School's Principal, Ms. Sonja Jones, came to the break room and asked Plaintiff to come to her office. *Id.* at pp. 11 and 13. Plaintiff went to Ms. Jones' office and Ms. Jones informed Plaintiff that one of the students had a problem with her during lunch time. *Id.* at pg. 11. Plaintiff responded that she did not have lunch duties. *Id.* at pp. 11-12.

Between 11:40 a.m. and 12:15 p.m. Plaintiff was then allegedly involved in a conversation where unnamed individuals in the break room discussed "how bad Arabic language (the last language can anybody speak) and how bad Arab countries." *Id.* at pg. 12. In addition, another substitute teacher, Ms. Walker, allegedly described "Emiratis 'Dubai' worse among world cities." *Id.* Importantly, Plaintiff does not allege that Ms. Jones or any other principal was in the break room when these alleged comments were made. *Id.*

From 12:15 p.m. to 3:30 p.m. Plaintiff was assigned to a fourth-grade classroom. *Id.* At some point during this class, Plaintiff "left with 4B class in room (502) alone without any plan or lesson plan." *Id.* Around this time, Ms. Jones came to the classroom and asked Plaintiff to put a movie on, to which Plaintiff responded that "I asked students to be on their computers so they can complete [unfinished] tasks." *Id.* Ms. Jones said "okay and left" the classroom. *Id.*

Around 3:15 p.m., another School principal (not Ms. Jones) provided Plaintiff with a dismissal list for student pick-ups and explained that "it starts at 3:35 p.m." *Id.* Plaintiff responded that her assignment was only till 3:30 p.m., but this principal responded that the assignment was until 4:00 p.m. *Id.* Plaintiff apparently showed the principal her assigned schedule, to which he responded that the schedule was wrong, and he would correct it. *Id.* Plaintiff responded "okay" and the principal left the classroom. *Id.*

Plaintiff alleges that she signed out for the day at 3:30 p.m. because she never received a notification before 3:30 p.m. correcting her schedule. *Id.* The fourth-grade classroom teacher also allegedly informed Plaintiff that she "can go home" at 3:30 p.m. *Id.* However, when she arrived home between 4:45 p.m. and 5:00 p.m., she received a notification that her scheduled end time was changed from 3:30 p.m. to 4:00 p.m. *Id.*

Plaintiff alleges that she was subjected to harassment, retaliation, national origin discrimination and race discrimination because she is Iraqi and Arabic. *See* Amended Complaint, Complaint Form at pages 3 and 6. To that end, Plaintiff contends that she "strongly believe[s]" that due to her national origin (Iraqi) and race (Arab), the School "create[d] problem[s] with classroom management" and "changed the schedule time after work in order to say [Plaintiff] left earlier to fire [her]." *See* Amended Complaint, Extension of Amended Complaint Form, at pg. 12.

Following this assignment, Plaintiff contacted Swing Education's support hotline and corresponded with a representative named Jasell. *Id.* In this correspondence, Plaintiff complained that it was discriminatory for the School to change her schedule after she left for the day. *Id.*; *see also* Original Complaint, Extension of Complaint Form Attachment.[2] Of note, Plaintiff never reported to Jasell that harassing or discriminatory comments were made by other individuals in the break room. *See* Original Complaint, Extension of Complaint Form Attachment. Ultimately, Jasell responded that the schedule change was not discriminatory and confirmed that the School did not leave any negative feedback regarding Plaintiff. *Id.*

---

[2]    Plaintiff's Amended Complaint references that her correspondence with Swing is "attached." This attachment was annexed to Plaintiff's original Complaint, but not to the Amended Complaint. As such, the Court is permitted to consider attachments to the Original Complaint when analyzing Defendant's Motion to Dismiss the Amended Complaint. *See Lynch v. Suffolk County Police Dep't Inc.*, 2007 WL 9753042 (E.D.N.Y. 2007) (granting a motion to dismiss based on a "description of plaintiff's claims . . . taken from his amended complaint and various integral documents referenced therein that are annexed to his original complaint.").

4

On March 20, 2024, Plaintiff "sent an email to Ms. Sonja Jones ask[ing] why this illegal changed agreement time." *See* Amended Complaint, Extension of Amended Complaint Form at page 12. According to Plaintiff, despite this, "the decision was already made to remove [her] name from all Ascend charter schools." *Id.*

Outside of an untimely and irrelevant incident that allegedly occurred on November 3, 2023,[3] Plaintiff's remaining allegations relate to separate assignment at Amber Charter Schools. Given that these allegations do not relate to Ascend in any way, such claims are not summarized herein.

On September 25, 2024, Plaintiff commenced the instant action by filing a Complaint alleging unlawful harassment, discrimination, and retaliation in violation of Title VII, Section 1981, and the NYSHRL (the "Original Complaint"). *See* ECF Docket No. 1. On March 12, 2025, Defendant Ascend filed a motion to dismiss the Original Complaint. *See* ECF Docket Nos. 22-25. On March 25, 2025, Defendant Amber Charter Schools filed a motion to dismiss the Original Complaint. *See* ECF Docket Nos. 27-30.

On October 9, 2025, Magistrate Judge Henry J. Ricardo issued a Report and Recommendation recommending that the Defendants' motion to dismiss the Original Complaint be granted with leave to amend. *See* ECF Docket No. 42. On November 3, 2025, Plaintiff filed

---

[3] Plaintiff concedes that she did not include the incident that allegedly incurred on November 3, 2023 in her purported EEOC Charge of Discrimination. *See* Amended Complaint, Extension of Amended Complaint Form, at pg. 11. As such, the Court should disregard this allegation. *See Milner v. HRA Police Dep't Agency*, 2018 WL 1583675, at *3 (S.D.N.Y. 2018) (recognizing that if a plaintiff "fails to file an EEOC charge within the 300-day limitations period, [her] claims based on that purportedly discriminatory act are time-barred."). Nevertheless, assuming *arguendo* that Plaintiff did timely assert this alleged incident, it is palpably insufficient to state a claim under Section 1981, Title VII, and the NYSHRL. Specifically, Plaintiff does not allege any specific instances of discrimination/harassment, but instead, claims that she was subjected to "screaming" and "disrespectful treatment." *See Russo v. New York Presbyterian Hosp.*, 972 F. Supp.2d 429, 450 (E.D.N.Y. 2013) (recognizing that the NYSHRL is not a "general civility code.").

objections to the Report and Recommendation. *See* ECF Docket No. 45. On November 17, 2025, Defendants opposed Plaintiff's objections. *See* ECF Docket Nos. 46-49.

On February 26, 2026, the Court adopted the Report and Recommendation and granted Defendants' motions to dismiss the Original Complaint in its entirety. *See* ECF Docket No. 50. The Court's February 26, 2026 Order further provided that "[s]hould [Plaintiff] wish to file an amended complaint, she shall do so by March 26, 2026." *Id.* On March 27, 2026, Plaintiff filed the instant Amended Complaint. As further discussed herein, Plaintiff's Amended Complaint must be dismissed with prejudice.

## ARGUMENT

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 556; *accord Starr*, 592 F.3d at 321. Although a court must accept the factual allegations of a complaint as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 555. "Thus, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, dismissal is appropriate."

6

*Curtis & Associates, P.C. v. Law Offices of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 166 (E.D.N.Y. 2010) *aff'd sub nom.*, 443 F. Appx. 582 (2d Cir. 2011), *citing Starr*, 592 F.3d at 3 and *Twombly*, 550 U.S. at 570 (where "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").[5]

When the allegations of the Amended Complaint are viewed in accordance with these standards, it is clear that Plaintiff cannot state a claim on any of the causes of actions alleged in her Amended Complaint.  Thus, the Amended Complaint must be dismissed with prejudice.

## POINT I

### PLAINTIFF HAS FAILED TO STATE A DISCRIMINATION CLAIM AGAINST DEFENDANT UNDER TITLE VII, SECTION 1981, AND THE NYSHRL

Plaintiff fails to plausibly allege discrimination under Title VII, Section 1981, and the NYSHRL.  First, Plaintiff's Title VII claims must be dismissed because she concedes that she was performing temporary, substitute teacher services through her employer, Swing.  *Felder v. United States Tennis Association*, 27 F.4th 834, 845 (2d Cir. 2022) ("[B]ecause Title VII only protects employees and not independent contractors, Title VII similarly only protects applicants for employment and 'not . . . applicants for independent contractor positions.'") (citation omitted).

Furthermore, the Complaint alleges discrimination based on Plaintiff's national origin (Iraqi) and race (Arabic/Iraqi). *See* Amended Complaint, Page 3-4, Section III(A).  However, Plaintiff does not raise any allegations demonstrating that Defendant's purported actions were motivated by discriminatory animus.  Instead, these allegations appear to stem from Plaintiff's displeasure that she was asked to work one half-hour later than what her original schedule called for.

7

A.  **Plaintiff Has Not Plausibly Alleged Discrimination in Violation of Title VII, Section 1981, or the NYSHRL.**

"The pleading standards are generally the same for Title VII, [S]ection 1981 and NYSHRL claims." *Cardwell v. Davis Polk & Wardwell LLP*, 2020 WL 6274826, at * 16 (S.D.N.Y. 2020).  To defeat a motion to dismiss her Title VII, Section 1981, and NYSHRL discrimination causes of action, Plaintiff must "plausibly allege" that: (1) she was in a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See id.*, at *17.

Without conceding that Plaintiff has sufficiently alleged the first two elements described above, integral to Plaintiff's discrimination claims are plausible allegations that she suffered an adverse action under circumstances giving rise to an inference of discrimination.  Here, Plaintiff has not met this burden, and her claims must be dismissed.

      i.        Plaintiff Has Not Plausibly Alleged an Adverse Employment Action.

In order for Plaintiff to establish that she suffered an adverse employment action, she must experience a "materially adverse change in the terms and conditions of employment." *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008).  To that end, an "adverse employment action" is one that is "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000).  A material adverse change in employment would consist of "termination, demotion . . . a material loss of benefits, [or] significantly diminished material responsibilities." *Id.*

As for the adverse actions alleged by Plaintiff, she contends that: (a) Ms. Jones "create[d] problem with classroom management" by allegedly reprimanding her for incidents in the lunch room and Plaintiff's assignment to a fourth grade class; (b) the School changed her schedule after she completed her shift on March 19, 2024; and (c) the School removed Plaintiff from the list of

8

substitute teachers that it would accept through Swing. First, Ms. Jones' alleged reprimands cannot plausibly constitute an adverse employment action, as Courts have consistently held that reprimands, excessive criticism, and supervisor monitoring do not constitute adverse actions. *See, e.g., Hoag v. Fallsburg Cent. Sch. Dist.*, 279 F.Supp.3d 465, 477-478 (S.D.N.Y. 2017); *O'Hara v. Bd. of Coop. Educ. Servs., S. Westchester,* 2020 WL 1244474, at \*13 (S.D.N.Y. 2020).

Moreover, the School's alleged attempt to change Plaintiff's schedule by one half hour cannot plausibly constitute an adverse employment action. Court have recognized that a schedule change of this nature is not a "'material adverse change in the terms and conditions of employment' but rather equate[s] to 'mere inconvenience[s]' or otherwise minor 'alteration[s] of job responsibilities.'" 10 *see also Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011) (holding that a schedule change is not a material adverse employment action).

Lastly, Defendant's decision to no longer select Plaintiff from Swing Education's list of substitute teachers would not constitute a material adverse employment action. Plaintiff concedes in the Complaint that Swing was her employer was Swing. *See* Amended Complaint, Extension of Amended Complaint Form, at pg. 13. In addition, Plaintiff admits that she performed substitute teacher services for other schools immediately after this assignment. *Id.* at pg. 15. Accordingly, Plaintiff has failed to plausibly allege an adverse employment action because there was no expectation that Defendant would ask her to provide future services. *See Brown v. Nassau County*, 2011 WL 6754092, at \*2 (E.D.N.Y. 2011) ("[W]hether a decision not to rehire a seasonal employee is considered adverse employment action depends on whether the plaintiff had a reasonable expectation of being rehired."); *see also Dorman v. Webster Cent. Sch. Dist.*, 576 F.Supp.2d 436, 428 (W.D.N.Y. 2008) ("[W]here an employee is employed for a fixed term, the natural expiration of the term and the employer's decision not to rehire the employee will not be deemed an adverse

9

employment action only so long as the plaintiff in those circumstances had no reasonable expectation of rehire.")

      ii.    <u>Plaintiff Has Not Plausibly Alleged Any Adverse Action Motivated by a Discriminatory Reason.</u>

Assuming *arguendo*, that Plaintiff could allege a materially adverse action related to her discrimination claims, "[t]he ultimate issue in an employment discrimination case is whether the plaintiff has met her burden of proving that the adverse employment decision was motivated at least in part by an impermissible reason, i.e., a discriminatory reason." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). To do so, "a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* A plaintiff must do "more than cite to [her] mistreatment and ask the court to conclude that it must have been related to [her] race." *Lizardo v. Denny's, Inc.*, 270 F.3d 94 (2d Cir. 2001).

The Amended Complaint is devoid of substantive facts or allegations that convincingly link her national origin or race to an adverse employment decision. The Plaintiff simply presents the conclusion that trivial comments made by individuals in the breakroom demonstrate that her alleged adverse employment action was motivated by her membership in a protected class. This claim cannot support a discrimination claim.

To that end, Court's consider the following factors to determine whether a remark suggests discriminatory animus: "(1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to

10

the decision-making process). *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149-50 (2d Cir. 2010). Here, without offering any sort of context, Plaintiff merely alleges that a few seemingly innocent comments were made by substitute teachers in the School's break room.

Specifically, Plaintiff contends that more than five substitute teachers were in the School's breakroom and unidentified "paraprofessional and other staff" allegedly commented that Arab countries and the Arab language are "bad." *See* Amended Complaint, Extension of Amended Complaint Form, at pp. 11-12. Plaintiff further contends that another substitute teacher (Ms. Walker) described Dubai as one of the worst cities. *Id.* at pg. 12. Notably, the Amended Complaint does not allege that the School's principals were present during this alleged conversation. Additionally, Plaintiff is incapable of demonstrating that these alleged comments were directed at her due to her membership in a protected class because she does not offer any sort of context. It is certainly possible that the substitute teachers who allegedly made these remarks were simply expressing their opinions on world affairs. Nevertheless, the fact that Plaintiff fails to allege that a supervisor or someone with a decision-making authority was privy to this alleged conversation is dispositive. *See Makhsudova v. City of New York*, 2022 WL 1571152, at \*7 (S.D.N.Y. 2022) (dismissing plaintiff's discrimination claim where plaintiff failed to allege facts suggesting the relevant individual "had any involvement in the decision to terminate her employment – or, more broadly, any temporal proximity between [the] offensive remarks and [p]laintiff's termination.")

Another potential way to raise an inference of discrimination is for a plaintiff to demonstrate that the employer treated her less favorably than similarly situated employees outside of her protected class. *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003). It is well settled that a plaintiff who relies on comparator evidence must plead that "she was similarly situated in all material respects to the individuals with whom she seeks to compare herself."

11

*Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015). While Plaintiff attempts to rely on comparator evidence, she does not allege any plausible comparison between herself and those that are vaguely referenced in the Amended Complaint. In her Amended Complaint, Plaintiff claims that she "saw the other Sub Mr. Samedi leaving and waved to me to leave and two other sub teachers." *See* Amended Complaint, Extension of Amended Complaint Form, at pg. 12. However, at the same time, Plaintiff alleges that there were more than five substitute teachers assigned to the School on March 19, 2024. *Id.* at pg. 11. Thus, Plaintiff's claim must fail because she does not raise any allegations about these substitutes, nor does she allege any details about the assignments for the two substitutes who left at 3:30 p.m. (i.e. whether they started at the same time).

Based on the foregoing, Plaintiff has failed to allege a *prima facie* discrimination claim under Title VII, Section 1981, and the NYSHRL.

## POINT II

### PLAINTIFF HAS FAILED TO STATE A HOSTILE WORK ENVIRONMENT CLAIM UNDER TITLE VII, SECTION 1981, AND THE NYSHRL

A. **Plaintiff Has Failed to Plausibly Allege a Hostile Work Environment Claim Under Title VII and Section 1981.**

To state a hostile work environment claim under Title VII and Section 1981, "a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive – that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of plaintiff's [protected status]." *Patane v. Clark*, 508 F.3d 106, 113-14 (2d Cir. 2007); *see also Littlejohn v. City of New York*, 795 F.3d 297, 320-21 (2d Cir. 2015).

12

In the instant matter, Plaintiff has failed to plausibly allege that the work environment was objectively hostile or that the alleged comments were made because of her membership in a protected class.  The Court's decision in *Jeanty v. Precision Pipeline Solutions, LLC*, 2019 WL 3532157, at *4-5 (S.D.N.Y. 2019), can be analogized the instant matter, as the Court dismissed plaintiff's hostile work environment claim based on episodic comments that were neither severe nor directed at plaintiff.  Specifically, the plaintiff, who was African-American, Haitian, and Hispanic, alleged five incidents over the course of his employment, which included: (a) a co-worker commenting that he was performing "slave work"; (b) a co-worker scratching his genitals and touching plaintiff; and (c) the discovery of what appeared to be a swastika in a portable toilet. *Id.* at *4. The Court dismissed plaintiff's hostile work environment claim because "[t]hese incidents are no more than episodic, and none of them [were] severe." *Id.* Furthermore, the Court recognized that it "cannot infer from the facts pleaded in the amended complaint that the . . . comments were aimed at plaintiff in a discriminatory manner." *Id.* Here, Plaintiff alleges three alleged comments that are far less severe than the conduct alleged in *Jeanty.*  Additionally, Plaintiff does not raise any allegations to demonstrate that these comments were directed at Plaintiff due to her membership in a protected class.

Accordingly, Plaintiff fails to state a hostile work environment claim under Title VII and Section 1981.

B. **Plaintiff Has Failed to Plausibly Allege a Hostile Work Environment Claim Under the NYSHRL.**

To state hostile work environment claim under the NYSHRL, a plaintiff must allege that she was subjected to "inferior terms, conditions or privileges of employment because of [her] membership in or more of [the] protected categories." *Ndongo v. Bank of China Limited*, 2023 WL 2215261, at *8 (S.D.N.Y. 2023).  Such a claim will fail "if the offending actions are no more than

13

petty slights or trivial inconveniences." *Id.* (internal citations omitted). The isolated comments alleged in the Amended Complaint cannot plausibly constitute unlawful harassment under the NYSHRL.

Courts have consistently recognized that the NYSHRL is "not a general civility code." *Russo v. New York Presbyterian Hosp.*, 972 F. Supp.2d 429, 450 (E.D.N.Y. 2013). The mere fact that a plaintiff perceives certain comments as offensive is insufficient to state a claim under the NYSHRL. *See Thomas v. Amazon.com Services LLC*, 2025 WL 253276, at *10 (E.D.N.Y. 2025). To the end, the fact that other substitute teachers allegedly referred to Arab countries/cities as "bad" cannot plausibly rise above a "petty slight or trivial inconvenience" that would be actionable under the law. *See id.* at *11 ("Although undoubtedly offensive, Plaintiff's allegations about co-workers' use of slurs and derogatory language does not rise to the level of creating a hostile work environment."); *see also Jeanty v. Precision Pipeline Sols., LLC*, 2019 WL 3532157, at *4 (S.D.N.Y. 2019) (dismissing  *see also Alvarado v. Nordstrom, Inc.*, 685 F.App'x 4, 6-7 (2d Cir. 2017) (holding that three derogatory comments by co-workers, along with aggressive behavior by another co-workers, was insufficient to establish a hostile work environment claim under Section 1981 and the NYSHRL).

Plaintiff only offers limited information about the individuals who made these alleged comments, and the Complaint is completely devoid of any allegations surrounding the context of same. Vague and conclusory allegations of this nature are insufficient to state a hostile work environment claim. *See Almonstar v. N.Y.C. Dep't of Educ.*, 2014 WL 3110019, at *8 (E.D.N.Y. 2014) (dismissing hostile work environment claim where the allegations were "simply too vague" for the Court to "conclude that plaintiff's work environment was objectively hostile.").

14

**POINT III**

**PLAINTIFF FAILS TO STATE A RETALIATION CLAIM
UNDER TITLE VII, SECTION 1981, AND THE NYSHRL**

"To state a claim for retaliation under § 1981, Title VII, and NYSHRL, [plaintiff] must show that (1) he engaged in a protected activity; (2) [defendant] was aware of this activity; (3) [defendant] took adverse employment actions against him; (4) a causal connection exists between the alleged adverse action and the protected activity." *Hollington v. CDM Fed. Programs Corp.*, 2023 WL 2457057, at *8 (S.D.N.Y. 2023) (quoting *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013). Section 1981 retaliation claims require a showing of but-for causation. *Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, 2023 WL 1109702, at *12 (S.D.N.Y. 2023). This causation standard has also been applied to Title VII and NYSHRL retaliation claims. *Ward v. Cohen Media Publications LLC*, 2023 WL 5353342, at *14 (S.D.N.Y. 2023) ("To adequately plead causation, the plaintiff must plausibly allege that the retaliation was a but-for cause of the employer's adverse action.") (internal quotations omitted).

While informal complaints can be considered protected activity for the purposes of retaliation claims, "such complaints must be 'sufficiently specific so that the employer is put on notice that the plaintiff believes she is being discriminated against on the basis of [a protected characteristic]." *Belton v. Borg & Ide Imaging, Inc.*, 512 F.Supp.3d 433, 445 (W.D.N.Y. 2021). "[T]o the extent that an employee complains about perceived unfair treatment . . . but fails to link the treatment to unlawful discrimination or [her] protected status, [she] fails to establish that [she has] engaged in protected activity." *Penberg v. HealthBridge Management*, 823 F.Supp.2d 166, 191 (E.D.N.Y. 2011).

Here, Plaintiff contends that she emailed the School's principal, Ms. Jones, "regarding discrimination by change my schedule at 5 pm after school dismissal 3:30 pm and complained

15

about earlier false accusation." *See* Amended Complaint, Extension of Amended Complaint Form, at pg. 13.  Furthermore, Plaintiff's correspondence with Swing does not raise any specific facts that would constitute discriminatory or harassing conduct. *See* Original Complaint, Extension of Complaint Form Attachment. Thus, Plaintiff has failed to demonstrate that she engaged in protected activity because she never complained about discrimination/harassment due to her membership in a protected class.  Rather, Plaintiff only complained about her alleged schedule change.  Moreover, for the reasons discussed above, Plaintiff does not allege that she suffered an adverse employment action under Title VII, Section 1981, or the NYSHRL.

Accordingly, Plaintiff's retaliation claim fails as a matter of law.

### POINT IV

**IN THE EVENT PLAINTIFF'S NYSHRL CLAIMS ARE NOT DISMISSED FOR THE FAILURE TO STATE A CLAIM, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S NYSHRL CLAIM**

As discussed above, Plaintiff's Title VII and Section 1981 claims fail as a matter of law. To the extent that the Court does not dismiss Plaintiff's NYSHRL claim on substantive grounds, the Court should nonetheless decline to exercise supplemental jurisdiction over Plaintiff's remaining claims under the NYSHRL. *See* 28 U.S.C. § 1367(c)(3).

In the "usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward *declining* to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (emphasis added).  The Second Circuit "has held, as a general proposition, that 'if [all] federal claims are dismissed before trial . . . the state law claims should be dismissed as well.'" *Carnegie-*

16

*Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *quoting United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 726 (1966); *see also Gonzalez v. Micelli Chocolate Mold Co.*, 514 F. Appx 11, 12 (2d Cir. 2013); *Jetter v. Knothe Corp.*, 324 F.3d 73, 78 (2d Cir. 2003) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well"); *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where federal claims are dismissed before trial, the state claims should be dismissed as well").

In the absence of original jurisdiction over any claim,"[i]t would [] be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction." *Cave v. E. Meadow Union Free School District*, 514 F.3d 240, 250 (2d Cir. 2008). "Absent an independent basis for the exercise of federal jurisdiction, the district court cannot adjudicate the state law claims, which must also be dismissed." *Id.* at 251; *see also Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986) ("absent exceptional circumstances, where federal claims can be disposed of pursuant to F.R.C.P. 12(b)(6) or summary judgment grounds, courts should abstain from exercising pendent jurisdiction").

As Plaintiff's Title VII and Section 1981 claims against Defendant fail as a matter of law, this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims under the NYSHRL.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an Order, pursuant to Fed. R. Civ. P. Rule 12(b)(6), dismissing Plaintiff's Amended Complaint with prejudice, and granting Defendant such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
      May 22, 2026

                         **Kaufman Dolowich LLP**
                         *Attorneys for Defendant Ascend Charter Schools*

By: _____
                         Keith Gutstein, Esq.
                         Edward Grimmett, Esq.
                         135 Crossways Park Drive, Suite 201
                         Woodbury, New York 11797
                         (516) 681-1100
                         kgutstein@kaufmandolowich.com
                         egrimmett@kaufmandolowich.com

19